UNITED STATES DISTRCT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FOOS<br>12320 Nims Rd.<br>Bowling Green, Ohio 43402<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>US UTILITY CONTRACTOR COMPANY<br>3592 Genoa Road<br>Perrysburg, Ohio 43551<br><br>　**Serve also:**<br>　US Utility Contractor Company<br>　c/o Stanley R. Chlebowski,<br>　116 Mark Lane<br>　Perrysburg, Ohio 43551<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, William Foos, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES, VENUE, & JURISDICTION**

1. Foos is a resident of the city of Bowling Green, county of Wood, state of Ohio.

2. US Utility Contractor Company (hereinafter, "US Utility" or "Defendant") is a resident of the state of Ohio.

3. US Utility was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C. 621 *et seq.*

4. US Utility was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Foos is alleging a Federal Law Claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.

6. All material events alleged in this Complaint occurred in county of Wood.

7. This Court has supplemental jurisdiction over Foos' state law claim pursuant to 28 U.S.C. § 1367 as Foos' state law claim is so closely related to his federal law claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Foos filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 471-2021-02643 against US Utility Contractor Company operating at 3592 Genoa Road, Perrysburg, Ohio 43551.

10. On or about March 9, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Foos regarding the Charges of Discrimination brought by Foos against US Utility in EEOC Agency Charge No. 471-2021-02643.

11. Foos received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

12. Foos has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Foos has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

14. Foos is a former employee of US Utility.

15. US Utility hired Foos on or about March 29, 2021.

16. Foos was 57 years old at the time of his separation of employment from US Utility.

17. Foos worked as a lineman.

18. Foos was the oldest lineman at US Utility.

19. As an employee of US Utility, Foos was capable, reliable, and experienced.

20. Foos was qualified for his position as a lineman at US Utility.

21. Despite his experience and skill, Foos experienced numerous comments and jokes about his age from the younger employees and his manager.

22. The younger employees constantly referred to William as "old man."

23. The younger employees would question Foos' ability to do his job.

24. The younger employees would ask Foos, "can you handle that, old man?"

25. The younger employees would ask, "Do you need something lighter?"

26. The younger employees assumed because Foos was 57 years old, he could not move heavier items.

27. Mike Chlebowski is an employee of US Utility.

28. Chlebowski was Foos' manager.

29. Chlebowski had authority to hire, fire, and/or discipline Foos.

30. Chlebowski made comments regarding Foos' age.

31. Chlebowski referred to Foos as "the old man on the crew."

32. Chlebowski encouraged the younger employees' discriminatory behavior.

33. As a manager of US Utility, when Chlebowski engaged in age discrimination against Foos, US Utility engaged in age discrimination against Foos.

34. Chlebowski dismissed Foos' capabilities to do his job because of his age.

35. Foos experienced these comments consistently and throughout his entire employment with US Utility.

36. Foos requested that his younger employees stop commenting on and mocking his age.

37. Foos requested that Chlebowski stop commenting on and mocking his age.

38. The younger employees ignored his requests.

39. Chlebowski ignored his requests.

40. On or about May 18, 2021, Foos woke up feeling very sick.

41. On or about May 18, 2021, Foos called off work.

42. On or about May 18, 2021, Foos received a call from his coworker Tyler Brown.

43. Brown asked whether Foos was coming in.

44. Foos explained to Brown that he was sick, but if he was needed, he could be there.

45. Brown responded that they couldn't wait for him to get there and would leave without him.

46. Brown implied that Foos could not get there in time because of his age.

47. On or about May 18, 2021, Chlebowski texted Foos, "we won't need you tomorrow for work."

48. On or about May 19, 2021, Foos texted Chlebowski asking if he was needed for work the next day.

49. On or about May 19, 2021, Chlebowski told Foos that he was not needed on May 20, 2021.

50. On or about May 20, 2021, Chlebowski texted Foos that they would not need him for work the following day either.

51. On or about May 22, 2021, Chlebowski told Foos that they would not need him for work.

52. On or about May 23, 2021, Chlebowski told Foos that they would not need him for work.

53. On or about May 24, 2021, Chlebowski texted Foos, "we won't need you tomorrow as well."

54. On or about May 26, 2021, Chlebowski texted Foos "we won't need you today or the rest of the week as well."

55. On or about May 26, 2021, Foos misread Chlebowski's text message because of a typo.

56. On or about May 26, 2021, Foos thought that he was needed to work.

57. On or about May 26, 2021, Foos arrived at work.

58. When Foos got to work, he saw two new employees.

59. Both new employees were young men in their twenties.

60. The two new employees were waiting for their assignments.

61. Chlebowski was surprised to see Foos at work.

62. Chlebowski told Foos that he was not needed that day.

63. Chlebowski told Foos to go home.

64. Foos never heard from Chlebowski following this incident.

65. US Utility terminated Foos' employment on or about May 26, 2021.

66. Throughout Foos' employment with US Utility, he had not called off once until May 18, 2021.

67. Throughout Foos' employment with US Utility, he arrived to work on time.

68. Throughout Foos' employment with US Utility, he completed all assignments efficiently.

69. Despite his stellar employment record, Foos was terminated unexpectedly and with no cause.

70. At the time of his termination, Foos was 57 years old.

71. US Utility's termination of Foos was based in age discrimination.

72. Upon information and belief, US Utility permitted similarly situated, younger employees to retain their employment despite having called off work under circumstances that were similar to or worse than Foos'.

73. Defendant did not proffer a legitimate non-discriminatory reason for terminating Foos.

74. Upon information and belief, subsequent to Foos' termination, Defendant hired younger individuals to replace Foos.

75. As a result of US Utility's conduct, Foos has suffered and will continue to suffer damages.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621.

76. Foos restates each and every prior paragraph of this complaint, as if it were fully restated herein.

77. Foos was 57 years old at the time of his termination of employment from US Utility.

78. At all times relevant, Foos was a member of a statutorily-protected class under The Age Discrimination Act of 1967 (ADEA), 29 U.S.C. § 621.

79. Defendant treated Foos differently from other similarly situated employees based on his age.

80. Foos was fully qualified for his position and employment with the Defendant.

81. Foos was terminated from his employment on or around May 26, 2021.

82. After terminating Foos, the Defendant replaced Foos with a person who was significantly younger and/or not belonging to the protected class under The ADEA, 29 U.S.C. § 621.

83. The Defendant violated The ADEA, 29 U.S.C. § 621 *et seq.* by discriminating against Foos based on his age.

84. Foos suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to The ADEA, 29 U.S.C. § 621 *et seq*.

85. As a direct and proximate result of the Defendant's conduct, Foos suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.

86. Foos restates each and every prior paragraph of this complaint, as if it were fully restated herein.

87. Foos was 57 years old at the time of his termination from US Utility.

88. At all times relevant, Foos was a member of a statutorily-protected class under R.C. § 4112.14(B).

89. Defendant treated Foos differently from other similarly situated employees based on his age.

90. Foos was fully qualified for his position and employment with the Defendant.

91. Foos, at age 57, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time he was terminated from her employment with the Defendant.

92. Foos was terminated from his employment on or around May 26, 2021.

93. After terminating Foos, the Defendant replaced Foos with a people who were significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

94. The Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by discriminating against Foos based on his age.

95. Foos suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

96. As a direct and proximate result of the Defendant's conduct, Foos suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Foos demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Foos to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Foos for compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Foos claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                      Respectfully submitted,

                      /s/ *Daniel S. Dubow*
                      Daniel S. Dubow (0095530)
                      Kevin A. Buryanek (0099300)
                      Shashelia Degraffinried (101692)
                      **SPITZ, THE EMPLOYEE'S FIRM**
                      25825 Science Park Drive, Suite 200
                      Beachwood, OH 44122
                      Phone: (216) 291-4744
                      Fax:   (216) 291-5744
                      Email: daniel.dubow@spitzlawfirm.com
                                    kevin.buryanek@spitzlawfirm.com
                                    shelia.degraffinried@spitzlawfirm.com

                      ***Attorneys For Plaintiff***

## **JURY DEMAND**

Plaintiff William Foos demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*
Daniel S. Dubow (0095530)
Kevin A. Buryanek (0099300)
Shashelia Degraffinried (101692)
**SPITZ, THE EMPLOYEE'S FIRM**