## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **WILLIAM FOOS,** | CASE NO. 3:22 CV 824 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **US UTILITY CONTRACTOR COMPANY,** | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### INTRODUCTION

Currently pending before the Court in this employment discrimination case is Defendant US Utility Contractor Company's Motion for Judgment on the Pleadings (Doc. 8). Plaintiff William Foos opposes (Doc. 10) and Defendant replied (Doc. 12). Also pending is Plaintiff's Motion for Sanctions (Doc. 11), which Defendant opposes (Doc. 13). For the reasons discussed below, both motions will be denied.

### BACKGROUND

Plaintiff was employed by Defendant as a lineman from March 29, 2021 through May 26, 2021. (Doc. 1, at ¶¶ 15, 65). He asserts that during his tenure, his co-workers and his manager, Mike Chlebowski, made inappropriate comments and discriminated against him – ultimately firing him – based on his age (57). *Id.* at ¶¶ 21-26; 30-39. He brings claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and Ohio age discrimination law, Ohio Revised Code § 4112.01 *et seq.*

As is relevant to the pending motions, the Complaint specifically alleges:

15. US Utility hired Foos on or about March 29, 2021.

* * *

28. Chlebowski was Foos' manager.
29. Chlebowski had authority to hire, fire, and/or discipline Foos.
* * *
54. On or about May 26, 2021, Chlebowski texted Foos "we won't need you today or the rest of the week as well."
55. On or about May 26, 2021, Foos misread Chlebowski's text message because of a typo.
56. On or about May 26, 2021, Foos thought that he was needed to work.
57. On or about May 26, 2021, Foos arrived at work.
* * *
61. Chlebowski was surprised to see Foos at work.
62. Chlebowski told Foos that he was not needed that day.
63. Chlebowski told Foos to go home.
64. Foos never heard from Chlebowski following this incident.
65. US Utility terminated Foos' employment on or about May 26, 2021.

(Doc. 1, at ¶¶ 15, 28-29, 54-57, 61-65).

Defendant's Answer attempts to elaborate on some of these allegations. *See, e.g.*, Doc. 6, at 2 ("28. Admit. Further answering, Chlebowski was responsible for the hiring of Foos in March of 2021, as demonstrated by the attached communication in Exhibit A."). Defendant attaches to its Answer as Exhibit A a March 29, 2021, email from Chlebowski to Mary Horton. (Doc. 6-1). This email is not referenced, directly or indirectly, in the Complaint. *See* Doc. 1. That email states:

> Good morning. Here is the new hire info:
>
> William Foos
> Lineman / 23 Hr.
> 1 week vacation after 1 year
> $50 per day when on call for Saturday and Sunday ONLY
>
> Please let me know if you have any questions or concerns.

(Doc. 6-1). The email is cc'd to two additional individuals: Charles Hamilton and Shawn Pfahler. *See id.*

### STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim under Federal Civil Rule 12(b)(6). *E.E.O.C. v. J.H. Routh*

2

*Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). A "formulaic recitation of the elements of a cause

of action" will not survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal quotation omitted). "[A] complaint must contain either direct or inferential

allegations respecting all the material elements to sustain a recovery under some viable legal

theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). To survive a motion to dismiss

under Rule 12(b)(6), the plaintiff must "allege[ ] facts that 'state a claim to relief that is plausible

on its face' and that, if accepted as true, are sufficient to 'raise a right to relief above the speculative

level.'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting

*Twombly*, 550 U.S. at 555, 570). Thus, the Court must take all of Plaintiff's factual allegations as

true and draw all inferences in his favor. *Wesley v. Campbell*, 779 F.3d 421, 427 (6th Cir. 2015).

### DISCUSSION

Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings based on the "same actor" inference. This

inference allows a factfinder "to infer a lack of discrimination from the fact that the same individual

both hired and fired the employee." *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 463 (6th

Cir.1995). Thus, "in cases where the hirer and the firer are the same individual and the termination

of employment occurs within a relatively short time span following the hiring, a strong inference

exists that discrimination was not a determining factor for adverse action taken by the

employer." *Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 261 (6th Cir. 2002) (quoting

*Buhrmaster*, 61 F.3d at 463 (quoting *Proud v. Stone,* 945 F.2d 796, 797 (4th Cir. 1991))).

Defendant acknowledges that "it is only the unusual case that the application of the same

actor inference can be gleaned from the face of the pleadings", but submits that "[t]he detailed

3

pleadings in this matter set the stage for the application of the same actor inference to be applied."

(Doc. 8, at 4 n.1). The Court disagrees.

First, it is in fact not clear from the pleadings that the "same actor" made both the hiring

and firing decisions as to Plaintiff's employment. The Complaint alleges "US Utility hired Foos

on or about March 29, 2021" (Doc. 1, at ¶ 15) and that "US Utility terminated Foos' employment

on or about May 26, 2021" (Doc. 1, at ¶ 65). Although the Complaint also asserts "Chlebowski

had authority to hire, fire, and/or discipline Foos" (Doc. 1, at ¶ 29), and that "Chlebowski told

Foos he was not needed that day" and "told Foos to go home" on May 26, 2021 (Doc. 1, at ¶ 62-

63), it does not expressly assert Chlebowski was the hirer or firer, much less both.[1] Although one

could infer these facts from the Complaint, the allegations of the Complaint do not make this the

only reasonable inference.

Second, even if it were clear that Chlebowski was the "same actor", Defendant has

provided no authority applying the same actor inference at the pleading stage or suggesting the

same actor inference can be appropriately so applied. The two cases cited in Defendant's motion

both arose at a later stage of the proceedings. *Zambetti*, 314 F.3d at 261 (summary judgment);

*Buhrmaster*, 61 F.3d at 463 (jury trial). And in *Zambetti*, the Sixth Circuit reversed, finding a

factual dispute regarding who was ultimately responsible for the plaintiff's hiring. 314 F.3d at 261-

---

1. "When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). Defendant cites the email attached to its Answer as evidence that Plaintiff was hired by Chlebowski. *See* Doc. 8, at 3. That email is (1) not authenticated, and (2) not "referred to in the complaint and . . . central to the claims contained therein." *DeShetler v. FCA US LLC*, 2018 WL 6257377, at *4 (N.D. Ohio) ("On a motion under Rule 12(c), courts 'may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein.'" (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)). Moreover, the Court finds the email, even taken at face value, does not prove Chlebowski made the hiring decision.

62. District courts within the Sixth Circuit, and in other circuits that apply the same actor presumption, have found it inappropriate to apply the presumption at a motion to dismiss stage of the proceedings. *See Evans v. Hillman Group, Inc.*, 2021 WL 1140100, at \*4 (S.D. Ohio) ("[T]his Court finds that the same actor inference is not applicable at this [motion to dismiss] stage of the litigation."); *see also Goss v. Bureau Veritas N. Am., Inc.,* 2022 WL 444477, at \*7 (S.D. Tex.) ("Defendants do not direct the Court to a single case where another court has deployed the same actor inference on a motion to dismiss. The Court therefore holds that the same actor inference does not apply to a motion to dismiss . . . ; Defendants' argument for the same actor inference falls short."); *Marosan v. Trocaire Coll.,* 2015 WL 1461665, at \*20 (W.D.N.Y.) ("[B]ecause the same-actor inference requires the weighing of facts, its application on a motion to dismiss is improper"), *report and recommendation adopted*, 2015 WL 1462109.

This conclusion – that applying the inference at this early stage is not appropriate – is supported by the Sixth Circuit's holding that the same actor inference is not mandatory and may be overcome. *See Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 573 (6th Cir. 2003) ("Although the factfinder is permitted to draw this inference, it is by no means a mandatory one, and it may be weakened by other evidence."). And, "if the [plaintiff] has otherwise raised a genuine issue of material fact[,]" the same actor-inference "is insufficient to warrant summary judgment." *Gaglioti v. Levin Group, Inc.*, 508 F. App'x 476, 483 (6th Cir. 2012) (citing *Wexler*, 317 F.3d at 573-74).

Although Defendant may ultimately prove correct that the inference leads it to success at the summary judgment stage, the Court agrees with the above-cited cases that it is inappropriate to apply the inference – which is in essence an evidentiary presumption – at the present stage of this case where the Court is not evaluating or weighing evidence.

Thus the Court finds that (1) factually, it cannot apply the same actor inference given the allegations of the Complaint do not clearly set forth that the "same actor" hired and fired Plaintiff; and (2) even if it could, it is not appropriate to do so at this stage of the proceedings.

Motion for Sanctions

Plaintiff also moves for sanctions, asserting that the motion was frivolous and as such, he is entitled to his attorneys' fees in having to respond thereto. Although unsuccessful, the Court declines to find Defendant's motion frivolous. As such, the Court denies Plaintiff's Motion for Sanctions (Doc. 11).

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. 8) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Sanctions (Doc. 11), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE